# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NASI MOSHE BEN-YAISRAEL,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2018

No. 336065
Kalamazoo Circuit Court
LC No. 2016-000000-FC

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals his convictions for first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to concurrent terms of life imprisonment for the first-degree premeditated murder conviction, and two years' imprisonment for the felony-firearm conviction. For the reasons set forth below, we affirm.

This case arose from the fatal shooting of the victim, a high school student in Kalamazoo, in the early morning hours of January 2, 2016. On the evening of January 1, 2016, defendant threw a party at a Red Roof Inn. The victim assisted in picking up some girls for the party. Tension arose between three girls as he drove them to the Red Roof Inn. Once the victim pulled into the hotel, two of the girls got out of the car and began to physically fight with the other girl, who was in the car with them. The victim and his friend jumped out of the car to break up the fight. At the same time, 5 to 10 males ran to the victim's car and joined in the commotion. Testimony revealed that defendant, who was armed with a gun, started to fight with the victim. As the victim attempted to get back into his car, a loud shot went off, and the victim was killed. Substantial evidence pointed to defendant as the shooter. One witness was able to directly identify defendant as the shooter. She testified that when the fighting broke out, she was standing next to defendant on the driver's side of the victim's car, and that she saw him point a gun at the victim and fire. Several other witnesses offered testimony that allowed defendant to be identified as the shooter by his clothing. One testified that the shooter was wearing a grey hoodie, with the words "Eastside Poppers" written in front, black pants, and a hat with flaps. Another testified that he saw somebody in a black hoodie holding the gun pointed at the victim. The clothing was salient because several witnesses testified that defendant was wearing a black sweatshirt with the words "Eastside Poppers" written in front. In addition, the hotel's security cameras showed defendant wearing the "Eastside Poppers" sweatshirt and the hat with flaps as

-1-

everyone ran from the car after the shooting. Finally, although defendant's face could not be seen in the video that showed the shooting, the two videos together strongly supported the inference that defendant had been the shooter.

Defendant's primary argument on appeal is that the verdict should be reversed because of improper admission of prior acts evidence. This evidence consisted of a cell phone video taken at the hotel earlier that evening. Over the objection of defense counsel, the video was played for the jury. It depicted defendant getting into a fight, earlier the same night, wearing an "Eastside Poppers" sweatshirt, and pulling out a revolver. The trial court admitted the video as res gestae evidence.

It was error to admit the video as res gestae evidence. In *People v Jackson*, 498 Mich 246, 276; 869 NW2d 253 (2015), the Michigan Supreme Court ruled that there is no res gestae exception to MRE 404(b), and that the admissibility of other-acts evidence must be evaluated under MRE 404(b)(1). Accordingly, we evaluate the admissibility of the video under that rule and we conclude that it was properly admitted under MRE 404(b)(1). The rule states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In this case, the other acts evidence was admissible because it was relevant to show defendant's identity as the shooter, as well as opportunity and preparation. The video of the prior event, which was taken the same evening, showed defendant wearing the clothing that several witnesses said the shooter was wearing. In addition, it showed that defendant was in possession of a revolver that evening. Although there was no evidence that it was necessarily the weapon that was used to kill the victim, it was, at a minimum, probative of his opportunity to fire a handgun that night.[1]

Further, the probative value of the evidence of the cell phone video was not substantially outweighed by the danger of prejudice. "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee*, 268 Mich App 600, 614; 709 NW2d 595 (2005). Evidence of what defendant was wearing and his possession of a handgun earlier that evening was highly probative and far outweighed any prejudice caused by the jury potentially concluding that defendant was someone willing and able to fight. Moreover, the trial court gave a limiting instruction to the jury to

---

[1] Defendant also argues on appeal that the cellphone video was not relevant to any issues at trial. Given our conclusion that the video was relevant to identity, opportunity, and preparation, we find no merit to defendant's relevancy claim.

eliminate any unfair prejudice.[2] "It is well established that jurors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Defendant also argues that the video of the earlier altercation should not have been admitted where the prosecution did not provide him with a pretrial notice of intent to introduce other acts evidence. Before the start of trial, defense counsel objected to the admission of the cell phone video; however, given that there is no mention of notice in the record, it cannot be determined whether notice was given. In its brief, the prosecution concedes that it was unclear whether it gave the requisite notice to defendant. Accordingly, we find that the prosecution failed to provide defendant with its notice of intent to introduce the other-acts evidence.

The prosecution is required to provide a pretrial notice of intent to introduce other-acts evidence in accordance with MRE 404(b)(2):

> The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence. If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

Having concluded that the prosecution did not comply with the rule, we must consider whether admission of the MRE 404(b) evidence was harmless error. *Jackson*, 498 Mich at 276. Relief is only warranted when the error was more likely than not outcome determinative. *Id.* at 279.

Defendant has failed to establish that the error was outcome determinative given the overwhelming evidence of guilt. As we have already reviewed, defendant was directly identified as the shooter by a person standing near him, he was seen and videotaped wearing the clothes

---

[2] The trial court instructed the jury as follows:

> You have heard evidence that was introduced to show that the Defendant committed improper acts for which he is not on trial. If you believe this evidence, you must be very careful only to consider it for certain purposes. You may only think about whether the evidence tends to show the identity of the Defendant and the Defendant's state of mind, that the Defendant acted purposely, that is not by accident or mistake or because he misjudged the situation. That he used a planned system or characteristic scheme that he has used before or since. You must not consider this evidence for any other purpose. For example, you must not decide that the Defendant is a bad person or that he is likely to commit crimes. You must not convict the Defendant here because you think he is guilty of other bad conduct. Instead, all of the evidence must convince you beyond a reasonable doubt.

that the witnesses described the shooter as wearing, and the security videos strongly supported the conclusion that he was the shooter. Given this overwhelming evidence,[3] the lack of proper pretrial notice and the resulting admission of the video was not outcome determinative.

Lastly, defendant argues that a gunshot residue test would have been sufficient to prove whether he was the shooter. A crime scene investigator testified that the gunshot residue kits collected at the scene were not analyzed because when a person has "a considerable intervening time after the event, they can either wash their hands or their hands could be abraded by their clothing." He further stated that people who were next to shooters could also test positive for gunshot residue. In this case, 12 hours had elapsed between the shooting and when police apprehended defendant. Additionally, a witness testified that everyone at the Red Roof Inn had handled the guns when they were in their room. The lack of gun powder residue testing does not negate the multiple identifications of defendant as the shooter and did not undermine the reliability of the verdict.

Affirmed.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[3] In light of this evidence, we also reject defendant's claim that there was not sufficient evidence to convict.